1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

ROBERT L. TRAVERSO,

8

Plaintiff,

9

v.

10

CITY OF ENUMCLAW, a municipal corporation, CHIEF JIM ZOLL and his marital community; ERIC SORTLAND and his marital community, and JOHN DOES 1-20, Inclusive,

11

12

Defendants.

13

No. 2:11-cv-1313

NOTICE OF REMOVAL

(CLERK'S ACTION REQUIRED)

14

Pursuant to 28 U.S.C. § 1443, and 28 U.S.C. § 1446, Defendants City of Enumclaw,

15

Zoll, and Sortland hereby remove the above-entitled action to the United States District

16

Court for the Western District of Washington at Seattle.  Defendants state:

17

1.      The above-entitled action was filed in the Superior Court of the State of

18

Washington for King County, Cause Number 11-2-21395-1 KNT.

19

2.      Jurisdiction of this Court is based on 28 U.S.C. §1331, 28 U.S.C. §1343, 28

20

U.S.C. §1367, 28 U.S.C. §1441, and/or 28 U.S.C. §1443, and Plaintiff's claims for alleged

21

violations of rights as secured under the Constitution and laws of the United States.

22

3.      Paragraph 6.2 of *Plaintiff's Complaint for Personal Injuries* alleges:

23

As a result of the allegations contained in this complaint, the City of Enumclaw is liable to the plaintiff for his loss of income, services, protection, care, assistance, society and expenses under 42 U.S.C. § 1983.

24

NOTICE OF REMOVAL - 1
Cause No. 2:11-cv-1313
K.\SAE\Enumclaw edv. Traverso - WCIA 11092\Pleadings\Removal\p-080111-
Notice of Removal.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE  (206) 623-8861
FAX  (206) 223-9423

1       4.      All Defendants join in this Notice.

2       5.      Pursuant to *28 U.S.C. § 1446(a)*, true and correct copies of all pleadings

3   previously filed and served on or by these Defendants are attached hereto as follows:

4           A.      Summons to Chief Jim Zoll on Complaint for Personal Injuries;

5           B.      Summons to Lieutenant Eric Sortland on Complaint for Personal

6   Injuries;

7           C.      Summons to City of Enumclaw on Complaint for Personal Injuries;

8           D.      Complaint for Personal Injuries;

9           E.      Case Information Cover Sheet and Area Designation;

10          F.      Order Setting Civil Case Schedule; and

11          G.      Defendants' Notice of Appearance;

12  Defendants respectfully reserve any and all affirmative defenses.

13  RESPECTFULLY SUBMITTED this 9th day of August, 2011.

14

15                  KEATING, BUCKLIN & McCORMACK, INC., P.S.

16

17                  *s/ Stewart A. Estes*
                Stewart A. Estes, WSBA #15535

18                  Attorney for Defendants City of Enumclaw, Zoll, &
                Sortland

19

20

21

22

23

24

NOTICE OF REMOVAL - 2
Cause No. 2:11-cv-1313
K:\SAE\Enumclaw adv  Traverso - WCIA 11092\Pleadings\Removal\p-080111-
Notice of Removal.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE  (206) 623-8861
FAX  (206) 223-9423

A

FILED

11 JUN 20 PM 2:37

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-21395-1 KNT

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| ROBERT L. TRAVERSO, | ) | |
|---|---|---|
| | ) | No. |
| Plaintiff, | ) | |
| vs. | ) | SUMMONS |
| | ) | |
| CITY OF ENUMCLAW, a municipal | ) | |
| corporation, CHIEF JIM ZOLL and his | ) | |
| marital community; ERIC SORTLAND | ) | |
| and his marital community, and JOHN | ) | |
| DOES 1-20, Inclusive. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:  Chief Jim Zoll
     Enumclaw Police Department
     1705 Wells Street
     Enumclaw, Washington  98022-3091

     TO THE DEFENDANTS: A lawsuit has been started against you in the above
entitled court by the above-captioned plaintiffs.  Plaintiffs' claims are stated in the
written Complaint, a copy of which is served upon you with this Summons.

     In order to defend against this lawsuit, you must respond to the Complaint by
stating your defense in writing, and serving a copy upon the person signing this
Summons within 20 days after the service of this Summons, excluding the day of
service, or a Default Judgment may be entered against you without notice.  A Default

SUMMONS - 1

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

1  Judgment is one where plaintiff is entitled to what he asks for because you have not

2  responded.  If you serve a Notice of Appearance on the undersigned person you are

3  entitled to notice before a default judgment may be entered.

4          Any Response or Notice of Appearance which you serve on any party to this

5  lawsuit must also be filed by you with the court within 20 days after the service of

6  Summons, excluding the day of service

7          If you wish to seek the advice of an attorney in this matter, you should do so

8  promptly so that your written response, if any, may be served on time.

9          This summons is issued pursuant to rule 4 of the Washington Superior Court

10  Civil Rules.

11          DATED this 20th day of June, 2011.

12

13                                    s/Aaron J. Winkelhake
                                      Aaron J. Winkelhake, WSBA No. 32733
14                                    Tanya A. Khodr, WSBA No. 34300
15                                    Khodr & Winkelhake, P.L.L.C.
                                      323 Queen Anne Ave. N, Suite 102
16                                    Seattle, Washington  98109-4543
17                                    Telephone: (206) 384-1886
                                      Fax: (206) 274-4829
18                                    E-mail: awinkelhake@kwlegal.org
19                                    E-mail: tkhodr@kwlegal.org
                                      Attorneys for Plaintiffs
20

21

22

23

24

25

26

27

28

29

30

SUMMONS - 2                                    KHODR & WINKELHAKE, P.L.L.C.
                                                      ATTORNEYS AT LAW
                                               323 QUEEN ANNE AVE. N, SUITE 102
                                               SEATTLE, WASHINGTON 98109-4543
                                                  TELEPHONE: (206) 384-1886

pldg_10043 04 01_11062003_KCSC_RJC_Plt's_Summons_Chief_Zall_ajw

B

FILED

11 JUN 20 PM 2:37

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-21395-1 KNT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT L. TRAVERSO, | ) |
| | ) No. |
| Plaintiff, | ) |
| | ) SUMMONS |
| vs. | ) |
| | ) |
| CITY OF ENUMCLAW, a municipal | ) |
| corporation, CHIEF JIM ZOLL and his | ) |
| marital community; ERIC SORTLAND | ) |
| and his marital community, and JOHN | ) |
| DOES 1-20, Inclusive. | ) |
| | ) |
| Defendants. | ) |
| | ) |

TO: Lieutenant Eric Sortland
    Enumclaw Police Department
    1705 Wells Street
    Enumclaw, Washington  98022-3091

TO THE DEFENDANTS: A lawsuit has been started against you in the above

entitled court by the above-captioned plaintiffs. Plaintiffs' claims are stated in the

written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by

stating your defense in writing, and serving a copy upon the person signing this

Summons within 20 days after the service of this Summons, excluding the day of

service, or a Default Judgment may be entered against you without notice. A Default

SUMMONS - 1

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

1    Judgment is one where plaintiff is entitled to what he asks for because you have not
2    responded.  If you serve a Notice of Appearance on the undersigned person you are
3    entitled to notice before a default judgment may be entered.
4         Any Response or Notice of Appearance which you serve on any party to this
5    lawsuit must also be filed by you with the court within 20 days after the service of
6    Summons, excluding the day of service
7         If you wish to seek the advice of an attorney in this matter, you should do so
8    promptly so that your written response, if any, may be served on time.
9         This summons is issued pursuant to rule 4 of the Washington Superior Court
10   Civil Rules.
11        **DATED** this 20th day of June, 2011.
12
13                              s/Aaron J. Winkelhake
14                              Aaron J. Winkelhake, WSBA No. 32733
                                Tanya A. Khodr, WSBA No. 34300
15                              Khodr & Winkelhake, P.L.L.C.
16                              323 Queen Anne Ave. N, Suite 102
                                Seattle, Washington 98109-4543
17                              Telephone: (206) 384-1886
18                              Fax: (206) 274-4829
                                E-mail: awinkelhake@kwlegal.org
19                              E-mail: tkhodr@kwlegal.org
20                              Attorneys for Plaintiffs
21
22
23
24
25
26
27
28
29
30

SUMMONS - 2                              KHODR & WINKELHAKE, P.L.L.C.
                                              ATTORNEYS AT LAW
                                         323 QUEEN ANNE AVE. N, SUITE 102
                                          SEATTLE, WASHINGTON 98109-4543
                                            TELEPHONE: (206) 384-1886

pldg_10043 04 01_11062001_KCSC_RJC_Pltf's_Summons_Lieutenant_Scotland_ajw

C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

ROBERT L. TRAVERSO,

                   Plaintiff,

    vs.

CITY OF ENUMCLAW, a municipal corporation, CHIEF JIM ZOLL and his marital community; ERIC SORTLAND and his marital community, and JOHN DOES 1-20, Inclusive.

                 Defendants.

No. *11-2-21395-1 KNT*

SUMMONS

TO:  City of Enumclaw
     Enumclaw City Clerk
     1339 Griffin Avenue
     Enumclaw, Washington  98022-3091

TO THE DEFENDANTS: A lawsuit has been started against you in the above entitled court by the above-captioned plaintiffs. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serving a copy upon the person signing this Summons within 20 days after the service of this Summons, excluding the day of service, or a Default Judgment may be entered against you without notice. A Default

SUMMONS - 1

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

1 | Judgment is one where plaintiff is entitled to what he asks for because you have not

2 | responded.  If you serve a Notice of Appearance on the undersigned person you are

3 | entitled to notice before a default judgment may be entered.

4 | Any Response or Notice of Appearance which you serve on any party to this

5 | lawsuit must also be filed by you with the court within 20 days after the service of

6 | Summons, excluding the day of service

7 | If you wish to seek the advice of an attorney in this matter, you should do so

8 | promptly so that your written response, if any, may be served on time.

9 | This summons is issued pursuant to rule 4 of the Washington Superior Court

10 | Civil Rules.

11 | DATED this 20th day of June, 2011.

12 |

13 | s/Aaron J. Winkelhake

14 | Aaron J. Winkelhake, WSBA No. 32733
   | Tanya A. Khodr, WSBA No. 34300

15 | Khodr & Winkelhake, P.L.L.C.

16 | 323 Queen Anne Ave. N, Suite 102
   | Seattle, Washington 98109-4543

17 | Telephone: (206) 384-1886

18 | Fax: (206) 274-4829
   | E-mail: awinkelhake@kwlegal.org

19 | E-mail: tkhodr@kwlegal.org

20 | Attorneys for Plaintiffs

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

29 |

30 |

SUMMONS - 2

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

pldg_10043.04.01_11052002_KCSC_RJC_Pltfs_Summons_Enumclaw_ajw

D

1
2
3
4
5
6
7
8          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
             IN AND FOR THE COUNTY OF KING
9
10   ROBERT L. TRAVERSO,                    )
                                            )   No.
11                          Plaintiff,      )
                                            )
12   vs.                                    )   PLAINTIFF'S COMPLAINT FOR
                                            )   PERSONAL INJURIES
13   CITY OF ENUMCLAW, a municipal          )
     corporation, CHIEF JIM ZOLL and his    )
14   marital community; ERIC SORTLAND       )
     and his marital community, and JOHN    )
15   DOES 1-20, Inclusive.                  )
                                            )
16                                          )
                                            )
17   _____Defendants.      )

18        COMES NOW Plaintiff Robert L. Traverso, through his counsel, the law office

19   of Khodr & Winkelhake, P.L.L.C., and brings this complaint for personal injuries

20
21   against defendants alleging as follows:

22                         I.      Introduction

23        1.1    This is a civil rights action against the City of Enumclaw, Chief Jim Zoll,

24
25   Eric Sortland and other Enumclaw City Police Officers working within the Enumclaw

26   City Jail arising from the unlawful denial of medical care to Robert Traverso while

27   confined within the Enumclaw City Jail.  The defendants' unlawful conduct caused

28
29   Mr. Traverso's mental health to deteriorate until, by Court Order, he was extracted

30   from the custody of the Enumclaw City Jail and transferred to a mental health facility

PLAINTIFF'S COMPLAINT                    KHODR & WINKELHAKE, P.L.L.C.
FOR PERSONAL INJURIES - 1                      ATTORNEYS AT LAW
                                         323 QUEEN ANNE AVE. N, SUITE 102
                                         SEATTLE, WASHINGTON 98109-4543
                                         TELEPHONE: (206) 384-1886

to stabilize his mental health. As set forth in this complaint, the defendants are liable to Mr. Traverso under federal and state law.

## II.   Parties

2.1    Plaintiff, Robert L. Traverso, is, and at all times relevant was a citizen of the United State and a resident of King County, Washington.

2.2    Defendant City of Enumclaw is a governmental entity, chartered under the laws of the State of Washington. City of Enumclaw operates the Enumclaw Jail and is a public employer of the below listed defendants.

2.3    Defendant Chief Jim Zoll is the City of Enumclaw Police Chief and operates, administers and supervises the City of Enumclaw Jail and Enumclaw Police Officers. At all times relevant hereto, defendant Zoll was an employee of the City of Enumclaw and acting within the course and scope of his employment. All acts committed by defendant Zoll were committed under color of Washington law and under the authority of his position as the Chief of Police.

2.4    Defendant Eric Sortland a City of Enumclaw Police Lieutenant operates, administers and supervises the City of Enumclaw Jail. At all times relevant hereto, defendant Sortland was an employee of the City of Enumclaw and acting within the course and scope of his employment. All acts committed by defendant Sortland were committed under color of Washington law and under the authority of his position as a Lieutenant within the Enumclaw Police Department.

2.5    Defendant Does 1 through 20, inclusive, at this time they are unknown to plaintiff, who therefore sue said defendants by such fictitious names and capacities and will ask leave to amend this complaint upon the same being ascertained. At all

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

times relevant hereto, defendant Does 1 through 20, inclusive, were an employee of the City of Enumclaw and acting within the course and scope of their employment. All acts committed by defendant Does 1 through 20, inclusive, were committed under color of Washington law and under the authority of their position within the Enumclaw Police Department.

2.6    Defendants, as the plaintiff's jailors, owed the plaintiff, Robert Traverso, the duty to keep him in health and free from harm, and for any breach of such duty resulting in injury, the defendants are liable to the plaintiff. *Gregoire v. City of Oak Harbor*, 170 Wn.2d 628, 635, 244 P.3d 924 (2010) (En Banc). Each defendant failed and refused to perform such duty, thereby proximately causing the complained of injuries to Mr. Traverso.

### III.    Jurisdiction and Venue

3.1    Jurisdiction is based upon RCW 2.08.010 and RCW 4.92.010. Venue is based upon RCW 4.12.020(3), RCW 4.12.025(3) as well as King County Superior Court Local Rule LR 82(e)(4)(iv). All of the defendants are located in, and legally reside in King County, Washington. All acts and omissions related to the cause of the injuries to plaintiff were performed in King County, Washington.

### IV.    Factual Allegations

4.1    Plaintiff Robert L. Traverso is an adult male who suffers from Bi-Polar Disorder requiring medical treatment and medication.

4.2    Mr. Traverso has previously been hospitalized for the disorder and has since been prescribed medications to control his illness.

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 364-1886

4.3    On Friday, May 23, 2008, Mr. Traverso was arrested and cited for allegedly driving under the influence, in Enumclaw, Washington. He was booked into the Enumclaw Municipal Jail and subsequently bonded out of custody.

4.4    Enumclaw Municipal Jail is an institution and correctional facility within the meaning of 42 U.S.C. § 1997(1) and RCW 70.48.020, respectively. Persons confined therein include both pretrial detainees and sentenced inmates.

4.5    On Friday, June 13, 2008, an arraignment was scheduled at the Enumclaw Municipal Court regarding the May 23, 2008, charge of driving under the influence. An attorney appeared at the arraignment on behalf of Mr. Traverso and explained the circumstances preventing Mr. Traverso's personal appearance. Rather than reschedule the arraignment, the Enumclaw Municipal Court issued a bench warrant, Five Hundred dollars ($500.00) cash or Five Thousand dollars ($5,000.00) bond, for the arrest of Mr. Traverso.

4.6    On Thursday, June 19, 2008, at approximately 8:20 a.m., Mr. Traverso was spotted in a park within the City of Bellevue. The police and aid were contacted to assist Mr. Traverso as he was reportedly rambling, disoriented, not making sense and possibly having mental health issues. Mr. Traverso was subsequently examined by the Bellevue Fire Department.

4.7    After Mr. Traverso was examined by the Bellevue Fire Department, he was taken into custody by the Bellevue Police Department when they discovered the warrant issued out of the Enumclaw Municipal Court.

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

4.8     On Thursday, June 19, 2008, at approximately 10:00 a.m., Mr. Traverso was transferred to the custody of the Enumclaw Police Department and subsequently booked into the Enumclaw Municipal Jail.  Upon his transfer, the Enumclaw Police Department was notified of Mr. Traverso's possible mental health issues.

4.9     Upon admittance into the Enumclaw Municipal Jail, Mr. Traverso was not screened or otherwise evaluated regarding his mental health.

4.10    While being admitted into the Enumclaw Municipal Jail, Mr. Traverso apprised the Enumclaw Municipal Jail staff he suffered from Bi-Polar Disorder and needed his medication.  Mr. Traverso also asked the jail staff if they could help him get his medication, or get in touch with his doctor or family; his requests were denied.

4.11    Enumclaw Municipal Jail housed detainees with mental health issues.

4.12    Enumclaw Municipal Jail did not have policies established ensuring that incoming detainees would be screened for their mental health issues.  By failing to have policies in place ensuring that detainees would be screened for their mental health issues, the City of Enumclaw was deliberately indifferent to Mr. Traverso's serious medical and mental health needs knowingly posing a substantial risk of serious harm to Mr. Traverso and is liable for Mr. Traverso's injuries.

4.13    Enumclaw Municipal Jail did not have a physician, or other medical staff competent to deal with plaintiff Robert Traverso's mental health issues.  By failing to have medical staff competent to deal with a detainees mental health issues, including Mr. Traverso's Bi-Polar Disorder, the City of Enumclaw was deliberately indifferent to

PLAINTIFF'S COMPLAINT
FOR PERSONAL INJURIES - 5

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

his serious medical and mental health needs knowingly posing a substantial risk of serious harm to Mr. Traverso and is liable for Mr. Traverso's injuries.

4.14   Later that same day Ms. Sarah Megorden of the King County Crises and Commitment Services, upon prompting from Mr. Traverso's family, contacted the Enumclaw Municipal Jail and advised them Mr. Traverso had a Bi-Polar Disorder, was mentally unstable because he was not on his medications and posed a risk of injury to himself and others.  The person at the Enumclaw Municipal Jail responded that, "you'll have to have him bailed out, then hopefully you can see him." The City of Enumclaw is liable for the injuries to Mr. Traverso due to the policies, or lack thereof, relied upon and the moving force behind the Enumclaw Municipal Jail's staff's violation of Mr. Traverso's constitutional rights by declining him medical treatment thereby remaining deliberately indifferent to his serious mental health needs and is liable for Mr. Traverso's injuries.

4.15   Staff at the Enumclaw Municipal Jail, even after Ms. Megorden's telephone call, did not provide Mr. Traverso medical attention, allow him to receive medical attention, place telephone calls in order to acquire his medication or otherwise do anything to alleviate or remedy Mr. Traverso's mental health issues.

4.16   Mr. Traverso's mental health continued to deteriorate while in custody despite his continuous requests for medication, telephone calls in order to obtain his medication and for medical treatment.  These requests were made both verbally and in writing.  Despite a duty to promptly secure medical care for Mr. Traverso, jail staff denied Mr. Traverso's requests.  In failing to secure timely medical assistance for Mr.

PLAINTIFF'S COMPLAINT
FOR PERSONAL INJURIES - 6

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

1   Traverso, defendants DOES 1 through 20, inclusive, demonstrated a deliberate
2
    indifference to his serious medical and mental health needs and is liable for Mr.
3
4   Traverso's injuries.

5       4.17   Mr. Traverso, unable to control his Bi-Polar Disorder without his
6
    medication, continually talked at an extremely fast pace.  The other detainees as well
7
8   as staff at the Enumclaw Municipal Jail chastised Mr. Traverso and barked
9   derogatory and profane obscenities at Mr. Traverso.

10      4.18   Mr. Traverso attempting to stop his incessant and continuous chatter
11
12  began placing socks into his mouth, which was encouraged by other detainees and
13  staff at the Enumclaw Municipal Jail.

14      4.19   Other symptoms Mr. Traverso endured at the Enumclaw Jail while his
15
16  Bi-Polar Disorder went untreated, included, but was not limited to, inability to sleep,
17  stop speaking and keep track of time as well as irritability, suicidal ideations,
18
    hallucinations, suspiciousness and fearful of surroundings, racing thoughts,
19
20  absentmindedness, and inability to be aware of anything other than racing thoughts.

21      4.20   Mr. Traverso requested a copy of the Bible; his request was denied.

22      4.21   The Enumclaw Municipal Jail staff did not allow Mr. Traverso to use a
23
24  phone, seek medical attention or go outside for exercise and air.  The Enumclaw
25  Municipal Jail staff allowed other detainees to partake in all of those activities.
26  Throughout their involvement defendants DOES 1 through 20, inclusive, subjected
27
28  Mr. Traverso to cruel and unusual punishment and acted intentionally, knowingly,
29
30

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

maliciously and/or in reckless disregard for Mr. Traverso's well-established rights under the Eighth and/or Fourteenth Amendments to the United State Constitution.

4.22   By Tuesday, June 24, 2008, Mr. Traverso still had not received any medical treatment for his Bi-Polar disorder and was out-of-control. He was unable to perform simple tasks, such as request that his clothes be washed, even though it directly affected his hygiene, health and quality of life. Despite a duty to promptly secure medical care for Mr. Traverso, jail staff continually denied Mr. Traverso's requests, which demonstrated an ongoing deliberate indifference by defendants DOES 1 through 20 inclusive, to his serious medical and mental health needs and is liable for Mr. Traverso's injuries.

4.23   The actions of jail staff, including DOES 1 through 20 inclusive, were carried out in accordance with the official policies, procedures, customs, and practices of the City of Enumclaw.   Such policies, procedures, customs, and practices caused injuries to Mr. Traverso.

4.24   On Tuesday, June 24, 2008, by Court Order the King County Crises and Commitment Services extrapolated Mr. Traverso from the Enumclaw Municipal Jail and had him involuntarily committed to the custody of Fairfax Hospital because the absence of medication made Mr. Traverso a danger to himself and others.

4.25   Mr. Traverso was confined to Fairfax Hospital for two (2) weeks before his Bi-Polar Disorder could be stabilized enough to allow him to function outside of a mental hospital.   The institutionalization would not have been necessary if Mr. Traverso's requests for medical and mental health care had been granted.   Instead,

PLAINTIFF'S COMPLAINT
FOR PERSONAL INJURIES - 8

the institutionalization only became necessary after Mr. Traverso had been deprived of medical treatment and his medications by the Enumclaw Municipal Jail.

4.26    Due to the prolonged institutionalization, Mr. Traverso was on medical leave for twelve (12) weeks before he was able to return to work.  Consequently, Mr. Traverso lost salary and bonuses he was previously scheduled to receive.

4.27    The denial of timely medical care to Mr. Traverso is part of an ongoing pattern and practice of denying needed medical and mental health care to detainees at the Enumclaw Municipal Jail with deliberate indifference to their medical needs.  It was foreseeable that the failure to render treatment to those detainees in need of medical attention would cause harm to those detainees.

4.28    Defendants Jim Zoll and Eric Sortland are charged with the responsibility of operating, administering and supervising the City of Enumclaw Jail. With that responsibility comes the duties:

1.  Under RCW 70.48.130, to ensure that all jail inmates receive appropriate and cost-effective emergency and necessary medical care;

2.  Section 3 of the Washington State Constitution, that no person be deprived of life, liberty or property, without due process of law;

3.  Section 14 of the Washington State Constitution, that excessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted;

4.  To supervise and train personnel within the Enumclaw Municipal Jail as well as adopt policies, procedures, and standards that will not cause the

PLAINTIFF'S COMPLAINT
FOR PERSONAL INJURIES - 9

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

City of Enumclaw, and/or jail personnel to be deliberately indifferent to a detainee's serious medical needs, and/or inflict cruel and unusual punishment or the deprivation of due process; and

5. Other applicable laws and regulations.

4.29   On April 18, 2011, plaintiff timely filed the Claim for Damages with the City of Enumclaw, Enumclaw Police Department and City Attorney's Office, thereby tolling the statute of limitations, and waited sixty (60) days before filing this complaint fulfilling all procedural requirements prior to filing this action.

## V. Causation

5.1   Mr. Traverso has suffered damages as a result of his injuries.

5.2   A proximate cause of p l aintiff's i njuries was the defendant City of Enumclaw's failing to establish policies a nd procedures to screen detainees with serious medical and/or mental health needs as well as have medical staff competent to deal with a detainee's mental health issues, including Mr. Traverso's Bi-Polar Disorder, and knowingly posing a substantial risk of harm to Mr. Traverso by remaining deliberately indifferent to his serious medical and mental health needs.

5.3   A proximate cause of plaintiff's injuries was the defendant City of Enumclaw's policies and procedure, or lack thereof, that were relied upon and the moving force behind the Enumclaw Municipal Jail's staff's violation of Mr. Traverso's constitutional rights by declining medical treatment, and remaining deliberately indifferent to Mr. Traverso's serious medical and mental health needs.

PLAINTIFF'S COMPLAINT
FOR PERSONAL INJURIES - 10

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

5.4    A proximate cause of plaintiff's injuries was defendant DOES' 1 through 20 inclusive, failure to secure timely medical assistance for Mr. Traverso, demonstrated deliberate indifference to his serious medical and mental health needs.

5.5    A proximate cause of plaintiff's injuries was defendant Jim Zell's and Eric Sortland's failure to adopt policies and procedures that will not cause the City of Enumclaw, and/or jail personnel to be deliberately indifferent to a detainee's serious medical needs, and/or inflict cruel and unusual punishment or the deprivation of due process as well as to train and supervise staff to follow the same.

5.6    As a direct and proximate result of the deliberate indifference and negligence, carelessness and unlawful conduct of the defendants, and each of them, jointly and severally, plaintiff Robert Traverso has: sustained personal injuries, both physical and mental, which necessitated medical care and treatment; suffered both physical and mental pain, disability, discomfort and anguish, together with a loss of earnings; and has otherwise been humiliated and stripped of rights, liberties and freedoms guaranteed through the United States and Washington Constitutions.

## VI. Claims Against the City of Enumclaw

6.1    Plaintiff repeats and re-alleges paragraphs 1.1 through 5.6 of the complaint as if fully set forth herein.

6.2    As a result of the allegations contained in this complaint, the City of Enumclaw is liable to the plaintiff for his loss of income, services, protection, care, assistance, society and expenses under 42 U.S.C. § 1983.

6.3    As a result of the allegations contained in this complaint, the City of Enumclaw is liable to the plaintiff for his loss of income, services, protection, care,

PLAINTIFF'S COMPLAINT
FOR PERSONAL INJURIES - 11

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

1    assistance, society and expenses under state law for negligence, including vicarious

2    liability as well as negligent supervision and/or retention and outrage.

3
                    VII.  Claims Against DOES 1 through 20 Inclusive
4
              7.1    Plaintiff repeats and re-alleges paragraphs 1.1 through 5.6 of the
5
6    complaint as if fully set forth herein.

7
              7.2    As a result of the allegations contained in this complaint, DOES 1
8
9    through 20 inclusive, are liable to the plaintiff for his loss of income, services,

10   protection, care, assistance, society and expenses under 42 U.S.C. § 1983.

11
                VIII.  Claims Against Chief Jim Zoll and Lt. Eric Sortland
12
              8.1    Plaintiff repeats and re-alleges paragraphs 1.1 through 5.6 of the
13
14   complaint as if fully set forth herein.

15            8.2    As a result of the allegations contained in this complaint, Chief Jim Zoll

16   and Lt. Eric Sortland are liable to the plaintiff for his loss of income, services,

17
     protection, care, assistance, society and expenses under state law for negligence,
18
19   negligent supervision and/or retention and negligent infliction of emotional distress.

20
                              IX.  Prayer for Relief
21
         WHEREFORE, the plaintiff prays that the Court award:
22
23       A.       Compensatory damages for physical and emotional pain and suffering in

24   an amount to be proven at trial;

25       B.       Economic damages in an amount to be proven at trial;
26
27       C.       Medical expenses in an amount to be proven at trial;

28       D.       Punitive damages in an amount to be proven at trial;

29

·30

PLAINTIFF'S COMPLAINT
FOR PERSONAL INJURIES - 12

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

1       E.     Reasonable attorneys' fees, costs and prejudgment interest incurred in

2  pursuing this action as provided for in 42 U.S.C. § 1988; and

3

4       F.     Any such other relief that this Court deems just and equitable.

5       DATED this 20th day of June, 2011.

6                           s/Aaron J. Winkelhake

7                           Aaron J. Winkelhake, WSBA No. 32733

8                           Tanya A. Khodr, WSBA No. 34300
                           Khodr & Winkelhake, P.L.L.C.

9                           323 Queen Anne Ave. N, Suite 102

10                          Seattle, Washington 98109-4543
                         Telephone: (206) 384-1886

11                          Fax: (206) 274-4829

12                          E-mail: awinkelhake@kwlegal.org
                         E-mail: tkhodr@kwlegal.org

13                          Attorneys for Plaintiffs

14

15      I declare under the penalty of perjury under the laws of the State of

16 Washington that the forgoing is true and correct.

17

18      DATED this 20th day of June, 2011, at Seattle, Washington.

19

20      Robert Traverso

21      c/o Khodr & Winkelhake, P.L.L.C.
     323 Queen Anne Ave. N, Suite 102

22      Seattle, Washington 98109-4543

23      Telephone: (206) 384-1886
     Fax: (206) 274-4829

24      E-mail: awinkelhake@kwlegal.org

25

26

27

28

29

30

PLAINTIFF'S COMPLAINT
FOR PERSONAL INJURIES - 13

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

E

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

Robert L. Traverso

VS

City of Enumclaw, et al.

NO. 11-2-21395-1 KNT

CASE INFORMATION COVER SHEET
AND AREA DESIGNATION

CAUSE OF ACTION

**(PIN) -**       TORT, NON-MOTOR VEHICLE

AREA DESIGNATION

**KENT -**       Defined as all King County south of Interstate 90 except those
areas included in the Seattle Case Assignment Area.

F

.

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| Robert L. Traverso | | NO.  11-2-21395-1   KNT |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| vs | Plaintiff(s) | |
| City of Enumclaw, et al. | | ASSIGNED JUDGE  Erlick _____ 51 |
| | | FILE DATE:             06/20/2011 |
| | Defendant(s) | TRIAL DATE:           12/03/2012 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

Aaron J. Winkelhake

Print Name                                  Sign Name

Order Setting Civil Case Schedule (*ORSCS)

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery
cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $230 must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. The court will review the confirmation of joinder document to determine if a
hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Mon 06/20/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Mon 11/28/2011 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Mon 11/28/2011 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Mon 12/12/2011 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 07/02/2012 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 08/13/2012 | |
| **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | Mon 08/27/2012 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | Mon 08/27/2012 | * |
| **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | Mon 10/15/2012 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon 11/05/2012 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Tue 11/13/2012 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Tue 11/13/2012 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 11/19/2012 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon 11/26/2012 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 11/26/2012 | * |
| Trial Date [See KCLCR 40]. | Mon 12/03/2012 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:   06/20/2011

_Richard F. McDermott_

PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08   3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. Interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court.  Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

Richard F. McDermott

**PRESIDING JUDGE**

G

HONORABLE JOHN ERLICK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ROBERT L. TRAVERSO,

                    Plaintiff,

    v.

CITY OF ENUMCLAW, a municipal
corporation, CHIEF JIM ZOLL and his
marital community; ERIC SORTLAND and
his marital community, and JOHN DOES 1-
20, Inclusive,

                    Defendants.

No. 11-2-21395-1 KNT

DEFENDANTS' NOTICE OF
APPEARANCE

TO:       ROBERT L. TRAVERSO, Plaintiff

AND TO:   Aaron Winkelhake & Tanya Khodr of Khodr & Winkelhake, PLLC,
            Attorneys for Plaintiff

AND TO:   THE CLERK OF THE ABOVE-ENTITLED COURT

    YOU, AND EACH OF YOU, WILL PLEASE BE ADVISED AND TAKE

NOTICE that the undersigned appears as attorney of record for CITY OF ENUMCLAW,

CHIEF JIM ZOLL, AND ERIC SORTLAND, Defendants without waiving any defects as

to lack of jurisdiction over subject matter, lack of jurisdiction over person, improper venue,

insufficiency of process, insufficiency of service of process, misjoinder or non-joinder, and

hereby requests that any and all further pleadings or notices of any nature or kind

DEFENDANTS' NOTICE OF APPEARANCE - 1
K:\SAE\Enumclaw adv Traverso - WCIA 11092\Pleadings\p-072911-NOA.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE  (206) 623-8861
FAX  (206) 223-9423

1  whatsoever affecting the rights of said parties, except original process, be served upon the

2  undersigned attorneys at the address stated below.

3       DATED this 1st day of August, 2011.

4

5                              KEATING, BUCKLIN & McCORMACK, INC., P.S.

6

7                              s/ Stewart A. Estes

8                              Stewart A. Estes, WSBA #15535
                               Attorney for Defendants City of Enumclaw, Zoll, &
9                              Sortland

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' NOTICE OF APPEARANCE - 2          KEATING, BUCKLIN & McCORMACK, INC., P.S.
K:\SAE\Enumclaw adv. Traverso - WCIA 11092\Pleadings\p-072911-NOA.doc          ATTORNEYS AT LAW
                                                      800 FIFTH AVENUE, SUITE 4141
                                                      SEATTLE, WASHINGTON 98104-3175
                                                      PHONE (206) 623-8861
                                                      FAX (206) 223-9423

## CERTIFICATE OF SERVICE

1

2   I hereby declare under penalty of perjury of the laws of the State of Washington that

3   I am of legal age and not a party to this action; that on the 1st day of August, 2011, I

4   electronically filed the above document with the Clerk of the Court using the E-Filing

5   system, and I served the above document via the method indicated below to the parties

6   addressed below for service no later than August 2, 2011.

7

8   *Attorneys for Plaintiff – sent via legal messenger*
    Aaron J. Winkelhake, Esq.
9   Tanya A. Khodr, Esq.
    Khodr & Winkelhake, PLLC
10  323 Queen Anne Avenue N, Suite 102
    Seattle, WA 98109
11
    ~~aaron@kwlegal.org~~
12  ~~tanya@kwlegal.org~~

13
                                            *s/ Cheryl L. Spangler*
14                                          Cheryl L. Spangler, Legal Assistant

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' NOTICE OF APPEARANCE - 3
K:\SAE\Enumclaw adv. Traverso - WCIA 11092\Pleadings\p-072911-NOA.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423