THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| ROBERT L. TRAVERSO, | ) CASE No. 2:11-CV-01313-RAJ |
| | ) |
| Plaintiffs, | ) PLAINTIFF'S FIRST MOTION TO |
| vs. | ) COMPEL DEFENDANT CITY OF |
| | ) ENUMCLAW'S RESPONSES TO |
| CITY OF ENUMCLAW, et al., | ) DISCOVERY REQUESTS |
| | ) |
| Defendants. | ) NOTE ON MOTION CALENDAR: |
| | ) MARCH 30, 2012 |
| | ) |

## I.    INTRODUCTION AND RELEIF REQUESTED

Plaintiff, by his attorneys of record, requests the Court compel Defendant City of Enumclaw provide full responses to the discovery requests discussed herein.

## II.    STATEMENT OF FACTS

Mr. Robert Traverso, plaintiff, suffers from bi-polar disorder and brought this action because he was detained in Enumclaw Jail for multiple days without receiving medication or treatment.

The following timeline outlines events relevant to this motion:

07/27/2011    Defendant Enumclaw was served with Plaintiff's First Set of Interrogatories

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

and Requests for Production to Defendant City of Enumclaw. *See* Ct. Rec. 5 at p.4.   These included Plaintiff's Request for Production No. 1 and corresponding Interrogatory No. 1 regarding employment files. *See* Declaration of Tanya A. Khodr in support of this motion (hereinafter "Khodr Decl.") at ¶ 3.a.  In addition these included Plaintiff's Request for Production No. 10, regarding policies and procedures. *Id*.

08/09/2011   Defendants removed this case to this Court on the basis of federal question jurisdiction.  Ct. Rec. 1, p. 1, ¶ 2.

08/23/2011   Defendant Enumclaw objected to responding to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant City of Enumclaw (served on 07/27/2011) alleging that plaintiff's requests for discovery "became ineffective once the matter was removed to federal court". *See* Declaration of Tanya A. Khodr in support of this motion (hereinafter "Khodr Decl.") at Ex. 1 at p.1, lns.18-19.

10/04/2011   Joint status conference occurred. *See* Ct. Rec. 8.  To be more efficient, plaintiff re-served Plaintiff's First Set of Interrogatories and Requests for Production to defendant City of Enumclaw (rather than filing a motion) to address when Enumclaw's responses were due.  Khodr Decl. at ¶3.c. and Ex. 2 at p.1.

11/02/2011   Plaintiff received another response from defendant Enumclaw regarding Plaintiff's First Set of Interrogatories and Requests for Production.  Khodr Decl. at ¶3.d and Exhibits referenced therein.  Defendant Enumclaw objected to producing the employment files or providing all the policy manuals requested. *Id*. at ¶ 4.a. and Exhibits referenced therein.  Defendant produced

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

Tyler Chilman's training file, lists of the name of trainings attended by various employees and the *current* policies in effect at the time they responded to our request in 2011 (not 2008 when plaintiff was detained).  Khodr Decl. at ¶¶ 3.d., 4.a., Ex. 4.

12/14/2011   A conference of counsel occurred, which addressed, amongst other items, defendant Enumclaw's objection to producing employment files and the requested policies and procedures. Plaintiff stated that defendant Enumclaw should at least provide the policies and procedures that were in effect during the time that plaintiff was first in contact with the Enumclaw Jail until he was extracted from the jail.  Khodr Decl. at ¶ 4.c.  Defense counsel stated that plaintiff needed to figure out, from the current 2011 policies they had provided, which policies were not in effect in 2008 and request them.  *Id.*  Plaintiff's counsel explained that not all sections of the manual state when a policy was in placed into effect and that defendant Enumclaw is in a much better position to determine which policies were in effect in 2008.  *Id.* at ¶4.d.  No further policies or procedures in response to this request were provided.  *Id.* at ¶4.e.

12/15/2011   Plaintiff served a second set of discovery to Defendant Enumclaw that included Request for Production No. 13, and corresponding Interrogatory No. 6, which also addressed employment files.  Khodr Decl. at ¶3.g.  This set also included Interrogatories Nos. 8 – 12 and corresponding Requests for Production Nos. 14 – 18, the contention discovery.  *Id.* at ¶5.

01/17/2012   Plaintiff received defendant Enumclaw's responses, again objecting to the production of the employment files, on the basis of the Washington Public

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

Records Act.  However, defendant Enumclaw chose to provide some portions of Nona Zilbauer's *training* records.  Khodr Decl. at Ex. 7, pp. 4-5.  Plaintiff's counsel also received defendant Enumclaw's responses, objecting to Interrogatories Nos. 8 – 12 and corresponding Requests for Production Nos. 14 – 18, because they are contention discovery.  *Id*. at Ex. 7, pp. 6-10.

2/14/2012   A conference of counsel occurred where defense counsel stated that defendant Enumclaw would provide defendant Nona Zilbauer's employment file, in a redacted form and missing training files.  Khodr Decl. at ¶ 3.j.  She also stated she would consider providing the employment files of others and that plaintiff should provide her a list of whose employment files plaintiff needs.  *Id*.  The agreements are memorialized by letter.  *See* Khodr Decl. at Ex. 9.

02/17/2012   Plaintiff's counsel e-mailed defense counsel a list of the seven (7) employment files needed, specifically:   Defendant Jim Zoll, Defendant Eric Sortland, Defendant Nona Zilbauer, Defendant Quintin Stewart, Tyler Chilman, Gary Raley, and Chris Grant.  Khodr Decl. at ¶3.k.  On the same day defense counsel responded that plaintiff had not narrowed the original request and that defendant Enumclaw stands by their objections.  *Id*.

2/29/2012   Plaintiff's counsel received defendant Enumclaw's first supplementation to Request for Production No. 13, which included a redacted version of Nona Zilbauer's employment file and supplemented some of her training records.

### III.      ISSUES PRESENTED

Whether the Court should compel defendant Enumclaw to fully respond to plaintiff's discovery requests for employment files; policies and procedures; and contention discovery?

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
Telephone: (206) 384-1886

IV.     ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 26(b)(1) provides that a party must respond to any discovery request that is "reasonably calculated to lead to the discovery of admissible evidence." Relevant matter has been construed very broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *See e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947). The question of relevancy is to be more loosely construed at the discovery stage than at trial. *Id*. Under the liberal discovery rules, the party who resists discovery bears the burden of showing that discovery should not be allowed. *See, e.g., Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

A. **DEFENDANT CITY OF ENUMCLAW IS REQUIRED TO PRODUCE THE EMPLOYMENT FILES FOR JIM ZOLL, ERIC SORTLAND, NONA ZILBAUER, QUINTIN STEWART, TYLER CHILMAN, GARY RALEY, AND CHRIS GRANT**.
   *Plaintiff's Request for Production No. 1 (and corresponding Interrogatory No. 1); Request for Production No. 13, and corresponding Interrogatory No. 6.*

"Where there are federal question claims and pendant state law claims present, the federal law of privilege applies." *Agster v. Maricopa* County, 422 F.3d 836, 839 (9th Cir. 2005)[1]; *see also* Fed. R. Evidence 501, and cases cited in the annotation; *Point Ruston, LLC, et al. v. Pacific Northwest Regional Council of the United Brotherhood of Carpenters and Joiners of America, et al.* United States District Court, Western District of Washington at Tacoma, No. C09-

---

[1] (holding that federal courts do not apply state law privileges in federal cases unless the court creates a new privilege as a matter of federal common law) (citing *Wm. T. Thompson Co. v. Gen. Nutrition Corp.,* 671 F.2d 100, 104 (3rd Cir.1982) (holding that where state law claims overlap with federal claims in a federal question case such that particular documents are relevant to both the state and federal claims, federal privilege law also applies)); *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050, 1056 (S.D.Cal.1999) ("The need for consistency requires federal courts to apply federal privilege policies, rather than state privilege law, where evidence goes to both state and federal claims.").

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

PLAINTIFF'S FIRST MOTION TO COMPEL - Page 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

5232BHS: ORDER ON PLAINTIFFS' MOTION TO COMPEL, December 18, 2009.   In *Agster*, a suspect died while in police custody. *See id*. at 837. Corrections personnel undertook a mortality review pursuant to local and federal policies. *See id*. at 838. The review was intended to be, and was, kept confidential. *Id*. at 838. Parents of the deceased brought a civil rights action against the responsible police agency. *See id*. at 837. They sought discovery of the mortality review. *See id*. at 838. The defendants opposed the request on the basis of state law. *See id*. The district court overruled the claim of privilege and ordered the production of the document. *See id*. The Ninth Circuit sustained the trial judge on the basis the federal law of privilege applied and that no federal privilege protected the requested records. *See id*. at 839.

Similar to *Agster*, this case involves a federal question pursuant to 28 U.S.C. § 1331 and state law questions over which the Court has exercised its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because plaintiff has federal civil rights claims and pendent state law claims. Further, all of plaintiff's claims are based on a common nucleus of operative facts. The defendant has asserted no federal privilege that would protect it from disclosing the employment files, including, but not limited to training files, job reviews, complaints, discipline and performance evaluations. Therefore, the Defendant Enumclaw should be required to disclose the requested material.

The City objects to production of the employment files on the basis that RCW 42.56.210, 230, 240, 250(1)-(3) creates a privilege in the contested material.   Defense counsel has unsuccessfully advanced this argument before in *Stiffarm v. Pullman, et al.*, United States District Court, Eastern District of Washington at Tacoma, No. CV-04-0414-EFS: ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, July 28, 2006.  Similarly here,

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

plaintiff contends, that the Washington Public Records Act does not apply because federal privilege applies. Further, that the Washington Public Records Act regulates information disclosed for *public* inspection, pursuant to public records request(s), which is different from the situation here, that is, these are discovery requests, pursuant to Federal Rules in a civil proceeding. Additionally, if there is any confidential information or information otherwise privileged, the parties have already agreed to protect such information by way of agreement. Ct. Rec. 10.

In any event, whether or not the Washington State Public Records Act creates an evidentiary privilege is irrelevant because federal law controls and federal law does not look to state law for a rule of decision in a federal cause of action on the issue of privilege. *See, e.g., Agster,* 422 F.3d at 839. [2]

Finally, the City also objected to providing the employment files on the grounds that the qualified "law enforcement privilege" somehow applies. Khodr Decl. at Ex. 3, p.6. There is a two-step process to assert the law enforcement privilege: (1) "a requested document must be shown to have been an investigatory record 'compiled for law enforcement purposes;'" and (2) the government agency "must demonstrate that release of the material would have one of ... six [specified results]". *See, e.g., F.B.I. v. Abramson,* 456 U.S. 615, 622-23, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982) (discussing an exemption to the Freedom of Information Act that prevents disclosure of investigatory materials that may be used in a law enforcement action); 5 U.S.C. § 552(b)(7). Instead of employing the two-step process, defendant Enumclaw generally objected to production of employment records without more. That does not meet this qualified privilege.

---

[2] It is also noted in *Kerr v. U.S. Dist. Court for Northern Dist. of California*, 511 F.2d 197, 198 (9th Cir. 1975), that the U.S. Freedom of Information Act, which is analogous to the Washington State Public Records Act, does not create evidentiary privileges.

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
Telephone: (206) 384-1886

PLAINTIFF'S FIRST MOTION TO COMPEL - Page 7

Despite their objections, defendant Enumclaw provided *training* records for Tyler Chilman (Khodr Decl. at ¶ 3.d.)[3] and then later, the training records for Nona Zilbauer, with many omissions (Khodr Decl. at ¶ 3. l. and Ex. 8, pp. 2-3). Then even later, on February 29, 2012, defendant Enumclaw provided supplementation that included a redacted version of Nona Zilbauer's employment file (apart from the areas redacted by thick strikethroughs, the file still reviews). Khodr Decl. at ¶ 3. l. Plaintiff still has not received any of the employment files for Jim Zoll, Eric Sortland, Quintin Stewart, Gary Raley, or Chris Grant.

B. **DEFENDANT ENUMCLAW SHOULD PRODUCE POLICIES IN EFFECT FROM 2006 TO 2010**. *Plaintiff's Request for Production No. 10.*

Plaintiff requested documents relating to the particular matters/topics since 1998 to present, Defendant Enumclaw objected that this was overbroad, burdensome and vague, but without waiving that objection produced the policies currently in effect in 2011. *See* Ex. 4. During the conference of counsel, in an effort to quickly resolve this issue, plaintiff's counsel narrowed the scope substantially to those policies in effect from the time of plaintiff's first contact with Enumclaw Police in 2008, regarding the events in the Complaint, until the time he was extracted from Enumclaw Jail. However, defendants are requiring plaintiff to identify the parts of the manuals by chapter that needed updating. Plaintiff explained that some portions of the manual state when some policies were effective (sometimes just proposed) and many of the policies do not. Khodr Decl. at Ex. 13. Plaintiff therefore cannot identify the portions that need updating; further, that defendant is in the best position to

---

[3] Some lists of the names of trainings attended by various employees were provided, but these are lists, that do not provide the information that the training records for each person requests would provide, e.g., the training records regarding Tyler Chilman provide much more information than the lists.

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

determine which policies were in effect at the requested time.  *Id*. Defendant Enumclaw refused to supplement.

Under *Monell v. Department of Social Servs.,* 436 US 658 (1978), municipalities are liable under 42 USC § 1983 for a constitutional violation when a policy, custom or practice of the municipality caused the violation.  Further*,* liability can be imposed against a municipality under §1983, even if there is no policy, so long as a custom and/or practice caused the constitutional violation and/or if the municipality was deliberately indifferent to a known risk and failed to have a policy in place to prevent the constitution violation. Therefore, the requested discovery is at the very least reasonably calculated to lead to the discovery of admissible evidence on the existence or nonexistence of *Monell* policies which caused or could have prevented the failure to provide proper treatment to the plaintiff.

The scope of the request is reasonable and important because, in order to fully evaluate the existence of policies, customs and practices which exist, those which may no longer exist and/or have been rescinded, and/or which Enumclaw and its police may have been deliberately indifferent to in terms of the need for a particular policy, information in that regard is important beyond what exists right now.  In other words, what was happening within the Enumclaw Police Department regarding policies, customs and/or practices *before* as well as *after* Mr. Traverso's detention is at least reasonably calculated to lead to the discovery of admissible evidence.  Further, when the King County Crisis Center contacted defendant Nona Zilbauer about plaintiff's detention, they recorded that she stated the policy regarding patient being evaluated and seen had just changed.  Khodr Decl. at Ex. 14.

Therefore, requests that the defendant Enumclaw produce the policies from in effect from 2006 – 2010, this narrows plaintiff's request but still provides the policies necessary.

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
Telephone: (206) 384-1886

C.  **DEFENDANT SHOULD BE COMPELLED TO PROVIDE COMPLETE RESPONSES TO PLAINTIFF'S CONTENTION DISCOVERY**.

Federal Rule of Civil Procedure 33(a)(2) provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]"   The interrogatories seek ***facts*** that support defendant Enumclaw's affirmative defenses.   Defendant Enumclaw instead restated the legal allegations and has not provided facts.

## V.   CONCLUSION

Defendant Enumclaw has the duty to respond to plaintiff's discovery request reasonably calculated to lead to the discovery of admissible evidence.   The Court should compel defendant Enumclaw to fully respond to plaintiff's discovery requests for employment files; policies and procedures; and contention discovery

Dated this 14th day of March, 2012.

S/ Tanya A. Khodr
Tanya A. Khodr, WSBA No. 34300
Khodr & Winkelhake, P.L.L.C.
323 Queen Anne Avenue N, Suite 102
Seattle, Washington  98109
Telephone:  (206) 384-1886
Facsimile:  (206) 274-4829
E-mail:  tkhodr@kwlegal.org

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

**CERTIFICATE OF SERVICE**

I, Aaron J. Winkelhake, hereby certify that on March 15, 2012 I electronically filed the PLAINTIFF'S FIRST MOTION TO COMPEL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to The Honorable Richard A. Jones and the following at the e-mail addresses below:

Stewart Estes    sestes@kbmlawyers.com

Amanda Butler    AButler@kbmlawyers.com

Dated this 15th day of March, 2012 at Seattle, Washington.

S/ Aaron J. Winkelhake

Aaron J. Winkelhake, WSBA No. 32733

PLAINTIFF'S FIRST MOTION TO COMPEL - Page 11