HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT L. TRAVERSO,

    Plaintiff,

  v.

CITY OF ENUMCLAW, et al.,

    Defendants.

CASE NO. C11-1313RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on a motion for summary judgment (Dkt. # 24) from Defendant Eric Sortland, a motion for judgment on the pleadings (Dkt. # 22) from another Defendant, the City of Enumclaw (the "City"), and a motion to compel discovery responses (Dkt. # 33) from Plaintiff Robert Traverso.  No party requested oral argument, and the court finds oral argument unnecessary.  For the reasons stated herein, the court GRANTS in part and DENIES in part Lt. Sortland's summary judgment motion, DENIES the City's motion for judgment on the pleadings, and DENIES Mr. Traverso's motion to compel.

## II.  BACKGROUND

Mr. Traverso claims that he received inadequate medical treatment in confinement at the Enumclaw City Jail (the "Jail") for about five days in June 2008.  Mr. Traverso was in custody at the jail after his arrest on an outstanding bench warrant.  For purposes of

ORDER – 1

these motions, no one disputes that Mr. Traverso suffered from bipolar disorder. He claims that the failure of Jail staff to give him adequate medical treatment exacerbated his symptoms, leading to a period of institutionalization at a local hospital and a twelve-week period of unpaid medical leave.

The disputes the parties have brought before the court in these motions do not address the substance of Mr. Traverso's claims. Instead, they address minor disputes over discovery and pleading.

Mr. Traverso first sued in King County Superior Court in June 2011. His first complaint named the City of Enumclaw (the "City"), its Chief of Police, Jim Zoll, and another police officer, Lieutenant Eric Sortland. The complaint also alleged claims against unnamed members of the Jail staff. Defendants removed the case to this court because Mr. Traverso had accused some Defendants of violating 42 U.S.C. § 1983. Mr. Traverso also stated Washington law claims for negligence, negligent supervision, negligent retention, and various forms of infliction of emotional distress.

In January 2012, Mr. Traverso requested leave of court to amend his complaint to state additional claims against Nona Zilbauer and Quintin Stewart. Both were Enumclaw corrections officers who dealt with Mr. Traverso directly during his confinement at the Jail. The court granted leave to amend on February 29, noting that the parties' inability to agree on a routine amendment to a complaint reflected a lack of "reasonable communication, cooperation, and compromise." Dkt. # 21.

Defendants knew that Mr. Traverso would file an amended complaint no later than March 6; the City nonetheless filed a motion for judgment on the pleadings on March 1. Rule 12(c) of the Federal Rules of Civil Procedure permits a motion for judgment on the pleadings only "[a]fter the pleadings are closed." At the same time, Lt. Sortland filed a motion for summary judgment. Lt. Sortland contended that because he was not a policymaker for the City, had no role in Mr. Traverso's treatment at the Jail, and did not

ORDER – 2

1   supervise the Jail staff who treated Mr. Traverso, he could not be liable via § 1983.  He
2   also contended that he could not be liable on the Washington law claims because if any
3   party was liable to Mr. Traverso, it was the City.  The motion for judgment on the
4   pleadings contended that the City could not be directly liable via Washington law
5   because to the extent its employees had done anything wrong to Mr. Traverso, they had
6   done so in the scope of their employment.

7         While Defendants' motions were pending, Mr. Traverso filed his amended
8   complaint.  In conjunction with his opposition to the City's motion for judgment on the
9   pleadings, he purported to file a motion to amend his amended complaint.  He did not,
10  however, separately note his motion to amend for the court's consideration.  He did,
11  however, separately file a motion to compel discovery responses.

12        Mr. Traverso's amended complaint (the only one he filed with the court's leave) is
13  in most respects materially identical to his original complaint.  Like its predecessor, it
14  states a § 1983 claim against the City and the same set of Washington-law claims against
15  the City, Chief Zoll, and Lt. Sortland.  It adds § 1983 claims against Ofc. Zilbauer and
16  Ofc. Stewart, and eliminates the claims against unnamed Jail staff.  The amended
17  complaint describes, in some detail, how Ofc. Zilbauer had notice of Mr. Traverso's
18  mental condition and his need for treatment, but nonetheless failed to provide treatment.
19  There are similar allegations about Ofc. Stewart's knowledge of Mr. Traverso's condition
20  and his failure to ensure that he received proper treatment.

21        The amended complaint (like its predecessor) does not allege that Lt. Sortland had
22  any direct role in the treatment of Mr. Traverso.  Instead, it alleges that Lt. Sortland
23  (along with Chief Zoll) was responsible for "operating, administering, and supervising"
24  the Jail.  Amend. Compl. (Dkt. # 26) ¶ 4.28.  There are no allegations that Lt. Sortland
25  was responsible for supervising or retaining Ofc. Stewart or Ofc. Zilbauer.  The only
26  evidence on the issue is that Lt. Sortland signed various documents in Ms. Zilbauer's

ORDER – 3

personnel file, including several employment offer letters. Khodr Decl. (Dkt. # 41), Exs. 1-5. Another email, from 2010, suggests that Lt. Sortland had some responsibility for training jail staff. *Id.*, Ex. 7.

Mr. Traverso's motion to compel seeks production of the personnel files for each of the named Defendants as well as three non-party officers with whom Mr. Traverso had contact at the Jail. He asks for any written Jail policies in effect during his confinement in 2008. He also seeks better responses to his contention interrogatories.

The court now considers the parties' motions, beginning with Mr. Traverso's motion to compel.

### III.   ANALYSIS

**A.   Mr. Traverso's Motion to Compel**

The court will not dwell on the arguments the parties present in Mr. Traverso's motion to compel. A motion to compel should identify what discovery requests are in dispute, explain why the material requested is discoverable, and reflect the parties' reasonable efforts to narrow their disputes without court intervention. Mr. Traverso's motion does not meet this basic standard.

For example, Mr. Traverso narrowed his request for personnel files to seven people: the four named Defendants as well as three non-parties who apparently worked at the Jail during Mr. Traverso's confinement. The City *agreed* to produce the files for the named Defendants, although it had not yet produced the files as of the noting date of the motion to compel. Mr. Traverso scarcely mentions the City's agreement. He does not address whether that agreement moots his concerns as to the four named Defendants. He does not state that he has any reason to doubt that the City will follow through with its agreement. He complains that the City redacted portions of Ofc. Zilbauer's personnel file, but does not explain what the City redacted or whether the redactions make any difference. As to the three non-parties, Mr. Traverso provided virtually no explanation of

ORDER – 4

why their personnel files are relevant. He merely states that he "had contact" with each of these three employees during his confinement in the Jail. Khodr Decl. (Dkt. # 34), Ex. 10. This bare assertion is not nearly enough to justify the production of these employees' complete personnel files.

The court orders the City to produce personnel files for each of the named Defendants to the extent it has not already done so. The City need not provide personally identifying information (addresses, telephone numbers, social security numbers), and may redact that information from any documents it produces. If Mr. Traverso demonstrates a need for identifying information (for example, the telephone number or last address of an employee who no longer works for the City), the City shall provide that information. The City need not produce personnel files for the three non-parties.

The City has already produced its current Jail manual, an 89-page document. That manual generally indicates the most recent revision date for each of its many sections. The City has averred that it does not have complete past versions of its manuals, including the manual as it existed in June 2008. Mr. Traverso offers no reason to doubt that assertion. The City is willing to search for 2008 versions of specific portions of the manual that are relevant to Mr. Traverso's claims; it has merely asked him to identify the sections in the current manual that he believes are relevant to his claims. There is no dispute that most of the policies and procedures in the manual have no relevance to Mr. Traverso's claims. For reasons the court cannot fathom, Mr. Traverso has refused the City's reasonable request to identify the portions of the manual that are relevant to his claims. Mr. Traverso is entitled to discovery of relevant Jail policies in effect during his confinement. So far, he has not engaged in reasonable efforts to discover that information. The court will not prohibit him from engaging in those efforts, but will order no relief until he does so.

ORDER – 5

The court will order no relief as to Mr. Traverso's contention interrogatories. Mr. Traverso has not even identified which interrogatories are at issue, much less explained why the responses he already has are inadequate.

**B.    Lt. Sortland's Summary Judgment Motion**

Lt. Sortland contends that he cannot be liable via § 1983, which gives a cause of action to a plaintiff whose suffered a violation of his constitutional rights at the hands of a person acting under color of law. He bases that contention on the notion that because there is no evidence that he was either a policymaker for the Jail or directly involved in Mr. Traverso's treatment, he cannot be liable as a matter of law. *See*, *e.g.*, *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) ("A supervisor may be liable if there exists *either* (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.") (emphasis in original, citation omitted). He believes he is entitled to summary judgment, a remedy available where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Lt. Sortland might have relied on a simpler argument: Mr. Traverso did not state a § 1983 claim against him. His amended complaint, which is the operative pleading, states only that Lt. Sortland (along with Chief Zoll) is "liable to the plaintiff for his loss of income, services, protection, care, assistance, society and expenses *under state law* for negligence, negligent supervision and/or retention and negligent infliction of emotional distress." Amend. Compl. (Dkt. # 26) ¶ 8.2 (emphasis added). The court can only speculate as to why neither Mr. Traverso nor Lt. Sortland acknowledge the absence of a § 1983 claim against Lt. Sortland. In any event, the court declines to consider granting summary judgment against a claim that does not exist.

ORDER – 6

Mr. Traverso could perhaps cure his failure to state a § 1983 claim by amending his complaint.  He attempted to do so in the proposed second amended complaint that he attached to his opposition to the City's motion.  The proposed second amended complaint, for the first time in this litigation, states a § 1983 claim against Lt. Sortland.  But, as the court has already noted, Mr. Traverso did not properly move to amend his complaint a second time.

The court will permit Mr. Traverso, if he chooses, to file a proper motion for leave to amend.  If he does, he must explain why he failed to include a § 1983 claim against Lt. Sortland in his first two complaints, and he must explain why his amendments would not be futile.  Mr. Traverso concedes that Lt. Sortland was not an official policymaker, and he does not purport to sue him in his official capacity.  His bases his § 1983 claim, it would appear, solely on the allegation that Lt. Sortland was a supervisor, evidence that Lt. Sortland signed various employment documents for Ofc. Zilbauer, and evidence that Lt. Sortland had some training responsibilities.  This is inadequate, as a matter of law, to constitute the personal participation necessary for individual liability under §1983.  *See*, *e.g.*, *Larez v. Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (requiring personally culpable inaction or action in the training or supervision of subordinates, acquiescence in a constitutional violation, or reckless indifference to the rights of others).  Perhaps Mr. Traverso has a reasonable basis to believe that Lt. Sortland has participated in an actionable way in the deprivation of his constitutional rights.  The court places Mr. Traverso on notice that it will consider 28 U.S.C. § 1927 sanctions he persists in stating an invalid § 1983 claim against Lt. Sortland.

The court will address Mr. Traverso's Washington law claims against Lt. Sortland in the following section, which considers his Washington law claims against the City.[1]

---

[1] Mr. Traverso filed a surreply to Lt. Sortland's motion, and Lt. Sortland followed with a surreply of his own.  The court finds that neither surreply was necessary, and denies Mr. Traverso's request that the court strike part of the Lt. Sortland's reply brief.

ORDER – 7

**C.     The City's Motion for Judgment on the Pleadings**

The court could simply deny the City's improper motion for judgment on the pleadings. The City knew when it filed the motion that Mr. Traverso's amended complaint was forthcoming; it thus knew that pleadings were not "closed," a necessary prerequisite to a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). The City points out, correctly, that there is no material difference between Mr. Traverso's original complaint and his amended complaint with respect to the claims at issue in the motion. The court thus treats the City's motion as a motion to dismiss for failure to state a claim.

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. It requires the court to assume the truth of all of the complaint's factual allegations and to credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff does so, the complaint survives dismissal as long as there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

Mr. Traverso states negligence and "negligent supervision and/or retention" claims against both the City and Lt. Sortland. Amend. Compl. ¶¶ 6.2, 8.2. He also raises a claim of negligent infliction of emotional distress against Lt. Sortland and a claim of outrage (or intentional infliction of emotional distress) against the City. *Id.*

There are many reasons the City might have attacked these claims. For example, Mr. Traverso makes no attempt in his amended complaint to explain the basis for his standalone negligence claims as opposed to his claims for negligent retention or

ORDER – 8

supervision. What acts attributable to either the City or Lt. Sortland, other than their alleged negligence in the retention and supervision of Jail staff, were negligent? The amended complaint does not answer that question. The court also queries how, in a complaint where Mr. Traverso makes no claim against any of the City's employees for outrage, he nonetheless contends that the City is liable for outrage. The City acts only through its agents, and the complaint is silent as to which of the City's agents committed acts of outrage. The City's motion raises none of these issues.

Instead, the City's bases its motion (along with the portion of Lt. Sortland's motion devoted to Mr. Traverso's state law claims) entirely on distinctions between direct and vicarious liability. The City admits that its employees acted within the scope of their employment in all of their acts that had an impact on Mr. Traverso. The employees agree, and Mr. Traverso makes no attempt to avoid these admissions. Employers are liable for their employees' negligent acts in the scope of their employment; this species of vicarious liability is known as *respondeat superior*. *Rahman v. State*, 246 P.3d 182, 184 (Wash. 2011). An employer can also be liable where an employee acts beyond the scope of his employment. In that case, a plaintiff can invoke the essentially equivalent torts of negligent hiring, retention, or supervision to impose liability on an employer. *See*, *e.g. Thompson v. Everett Clinic*, 860 P.2d 1054, 1058 (Wash. Ct. App. 1993) (recognizing tort of negligent supervision of employee); *Niece v. Elmview Group Home*, 929 P.2d 420, 426 (Wash. 1997) (noting that "negligent hiring, retention, and supervision" arise from the employer's duty to protect foreseeable victims from harm from its employees); *Betty Y. v. Al-Hellou*, 988 P.2d 1031, 1033 n.3 (Wash. Ct. App. 1999) (recognizing equivalence of negligent hiring and negligent retention).

Lt. Sortland claims that he cannot be liable for negligence or negligent infliction of emotional distress because he admits that he acted within the scope of his employment to the extent he acted wrongfully. Thus, in his view, any negligence claims should be

ORDER – 9

against the City (which is vicariously liable via *respondeat superior*) rather than against him. As to Mr. Traverso's negligent hiring and negligent retention claims against him, Lt. Sortland argues that those claims lie only against an employer (the City, in this case), not against an individual supervisor.

Lt. Sortland is wrong in his assertion that Mr. Traverso cannot sue him for negligence because the City bears *respondeat superior* liability for his negligence. *Respondeat superior* makes employers vicariously liable for the negligent acts of their employees; it does not shield employees from suits for their negligence. Lt. Sortland cites no authority, and the court is aware of none, requiring (or even permitting) a court to dismiss a negligence suit against an employee simply because his employer is vicariously liable. It is perhaps pointless to sue an employee individually where his employer has admitted vicarious liability for the employee's acts. It is perhaps pointless to file a motion to dismiss claims against the employee where the employee's dismissal would make no apparent difference. In any event, Lt. Sortland has cited no authority that prohibits a suit against an employee whose employer is vicariously liable.

Lt. Sortland's position looks more suspect when juxtaposed with the City's position as to Mr. Traverso's standalone negligence claim. The City contends that the court should dismiss Mr. Traverso's negligence claim against it because the City cannot be vicariously liable for its employees' negligence except where its employees' act *beyond* the scope of their employment. The City seems to believe that no one, not the City and not its employees, can be liable for its employees' standalone negligence in the scope of their employment. The City is wrong. The court denies both the City's and Lt. Sortland's motions to the extent they target Mr. Traverso's standalone negligence claims.

The court agrees, however, that to the extent Mr. Traverso can state a Washington-law claim for negligent supervision or negligent retention, those claims lie solely against the City, not against Lt. Sortland. So far as the court is aware, claims of negligent

ORDER – 10

supervision, hiring, or retention invariably lie against an employer, not the individual responsible for supervision, hiring, or retention.

Finally, the court considers whether the admission that all of the City's employees acted in the scope of their employment bars Mr. Traverso's negligent retention and supervision claims. Again, the court must acknowledge that these claims are probably pointless. The City has admitted vicarious liability, via *respondeat superior*, for all of its employees' acts in this case. With that admission, there is no reason for a negligent supervision or retention claim, because it is of no benefit to Mr. Traverso. Courts almost invariably discuss negligent supervision claims in the context of acts outside the scope of employment, likely because few plaintiffs would consider taking Mr. Traverso's path and insisting that the City is vicariously liable in two different ways. But there is no doctrinal reason that employers cannot be liable for negligent supervision where its employees act negligently in the scope of their employment. Indeed, at least one court's enumeration of the elements of a negligent supervision claim makes no mention of the scope of employment. *Steinbock v. Ferry County Pub. Util. Dist. No. 1*, 269 P.3d 275, 281-82 (Wash. Ct. App. 2011).

Again, the court finds itself in the unpleasant position of deciding between sustaining a pointless claim and granting a pointless motion to dismiss it. Whether the court grants or denies the City's motion makes no difference. Mr. Traverso will still have the same likelihood of succeeding on the merits and the same likelihood of recovering damages from the City. The City will remain a Defendant, because Mr. Traverso has stated a § 1983 claim against it. The City seems to believe that the evidence admissible at trial will change depending on the outcome of this motion, but the court finds that argument premature at best. If some evidence is unduly prejudicial, the City remains free to move to exclude it before trial. If it does so, it will have to point to specific evidence, rather than rely on generalized argument as it has done in this motion.

ORDER – 11

Putting aside the court's questions about the need for the City's motion, the court declines to grant it. At least one Washington court has held that it is reversible error for a trial court to refuse to dismiss a superfluous negligent supervision claim against an employer where a negligence claim is pending against its employee. *LaPlant v. Snohomish County*, 271 P.3d 254, 256-58 (Wash. Ct. App. 2011) (remanding, on discretionary review of trial court's denial of motion to dismiss, for purpose of dismissing claim against employer).[2] But the *LaPlant* court distinguished a case where a judge in this District refused to dismiss a negligent supervision claim because there was no standalone negligence claim against the employee. *LaPlant*, 271 P.3d at 258 (citing *Tubar v. Clift*, No. C05-1154JCC, 2008 U.S. Dist. LEXIS 101130, at *22-26 (W.D. Wash. Dec. 4, 2008). In this case, Mr. Traverso has not stated standalone negligence claims against either Ofc. Zilbauer or Ofc. Stewart. His negligent retention and supervision claim is thus his only means of recovering against the City for their negligence. The court will not dismiss this claim.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES Mr. Traverso's motion to compel (Dkt. # 33), GRANTS Lt. Sortland's summary judgment motion (Dkt. # 24) only as to Mr. Traverso's negligent supervision and retention claims and DENIES it in all other aspects, and DENIES the City's motion for judgment on the pleadings.

DATED this 16th day of July, 2012.

*(signature: Richard A. Jones)*

The Honorable Richard A. Jones
United States District Court Judge

---

[2] Another Washington courts has acknowledged that a court *may* dismiss a superfluous negligent supervision claim. *Gilliam v. Dep't of Social & Health Servs.*, 950 P.2d 20, 28 (Wash. Ct. App. 1998). Another court found that instructing a jury on negligent training, supervision, and hiring where the employer had admitted vicarious liability was harmless error because the claims were merely redundant. *Joyce v. Dep't of Corrections*, 75 P.3d 548, 599 (Wash. Ct. App. 2003).

ORDER – 12